IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JEREMY STAFFORD                                                                                    PLAINTIFF

v.                                            NO. 6:20-CV-6005-RTD

THE BATH PLANET OF ARKANAS, LLC,
and CHRIS CUSICK                                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court is Plaintiff's Motion to Strike Counterclaim or, in the alternative, Motion to Dismiss Counterclaim.  (ECF No. 18.)  Defendants have filed a response in opposition, (ECF No. 21), and Plaintiff has filed a reply.  (ECF No. 24.)  The Court's jurisdiction is proper under the general federal question statute, 28 U.S.C. § 1331.  The matter is ripe for decision.  Having considered the parties' briefs and the relevant law, the motion will be granted.

### II. BACKGROUND

The facts are recounted in a light most favorable to Defendants, drawing all reasonable inferences in their favor.  Plaintiff Jeremy Stafford ("Stafford") originally filed suit against Bath Planet, LLC and its manager Chris Cusick (collectively, "Bath Planet") claiming he was employed by Bath Planet as an installer and misclassified as exempt from minimum wage requirements under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, ARK. CODE ANN. § 11-4-201, *et seq.* ("AMWA").  Stafford sought a declaratory judgment,

1

monetary damages, liquidated damages, prejudgment interest, and reasonable attorney's fees and costs. (ECF No. 2.)[1]

In the Complaint, Stafford contends that he was hired by Bath Planet to work as a bathroom installer and he was provided training and guidelines for the proper performance of the installation work. (*Id.* at 4, 5.) Stafford alleges that as a condition of employment he was required to maintain his own policy of general liability insurance and list Bath Planet on the insurance certificate. (*Id.* at 6.) Stafford contends that he was paid on a piece-rate basis and was compensated $100.00 for service calls, $200.00 for "tear out" jobs, and $400.00 for installations. (*Id.*) Stafford alleges that he drove his own vehicle to perform the installation services and was partially reimbursed for mileage. (*Id.*). Stafford also alleges that he paid for his own lodging when an out-of-town job required an overnight stay. (*Id.*). Stafford claims that after deducting his unreimbursed travel expenses, his pay fell below minimum wage. (*Id.*). Stafford also contends that Bath Planet did not pay him overtime wages for the hours he worked in excess of forty hours a week. (*Id.*) Stafford alleges that each service call took between one to four hours; each "tear out" job took between two to eight hours; each installation took approximately eight hours; and each job took up to ten hours of drive time. (*Id.*) Stafford's employment with Bath Planet terminated on or around January 9, 2020 (ECF No. 19 at 11), and he filed this suit a few weeks later claiming damages for violations of the FLSA and the AMWA. (ECF No. 2.)

Bath Planet appeared and filed an Answer alleging Stafford was not a Bath Planet employee covered by the FLSA or AMWA because Stafford was hired as an independent contractor and sole proprietor. (ECF No. 6.) Sometime after filing its Answer in this case, Bath

---

[1] This case was originally filed as a collective action, but the collective action claim was dropped from the Amended Complaint.

Planet filed six claims against Stafford's insurance policy claiming damages caused by Stafford's deficient performance and failure to meet Defendants' reasonable expectation of satisfactory work.

Believing that Bath Planet filed the insurance claims purely in reaction to his filing suit in federal court, Stafford moved to file an amended complaint seeking to add a claims for retaliation in violation of the FLSA[2] and monetary damages, punitive damages, and criminal sanctions against any Bath Planet employee that participated in the retaliation. (ECF No. 14 at 10–11). Stafford's motion was granted, and he filed and served the Amended Complaint on August 5, 2020. (ECF No. 15.)

Defendants filed an Answer to the Amended Complaint on August 17, 2020, realleging Stafford was not a Bath Planet employee covered by the FLSA or AMWA because he was hired as an independent contractor and sole proprietor. In addition, Defendants brought a Counterclaim against Stafford for common law negligence, breach of implied contracts, fraud, and violation of the Arkansas Deceptive Trade Practices Act. ("ADTPA") claiming damages in the amount of $4,465.26 arising from specific instances of Stafford's allegedly deficient work performance installing bathrooms for Defendants' customers. (ECF No. 17.)

Stafford filed the Motion to Strike, or in the alternative, Motion to Dismiss Bath Planet's Counterclaim contending that the counterclaims should be stricken as untimely and filed without the Court's leave or dismissed for lack of subject matter jurisdiction or failure to state a claim. (ECF No. 19). In response, Bath Planet argues that it had a right to add a Counterclaim without seeking leave of the Court because Stafford changed the scope or theory of the case when he Amended his Complaint to add the retaliation claim, and that Stafford has failed to show good cause why the counterclaims should be stricken. (*Id.* at 2–10). Bath Planet asserts the Motion to

---

[2] Stafford also sought leave to amend to voluntarily dismiss the collective action claim.

Dismiss should be denied because its Counterclaims are compulsory, and it has pleaded sufficient facts to state claims for relief. (*Id.* at 10–11, 14–18). Lastly, Bath Planet argues that its Counterclaims should be allowed to proceed as affirmative defenses. (*Id.* at 18–20).

### III.   DISCUSSION

#### A. Motion to Strike

Stafford moves to strike the Counterclaims arguing Bath Planet did not seek leave from the Court to file and they were untimely in violation of the Final Scheduling Order. (ECF No. 19 at 1–2). The Court finds the Counterclaims were timely filed, and the motion to strike should be denied on this ground.

Under FED. R. CIV. P. 12(f), a court may strike from a pleading an insufficient defense or any redundant, impertinent, or scandalous matter. The district court enjoys "liberal discretion" under Rule 12(f). *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (quoting *Thor Corp. v. Automatic Washer Co.*, 91 F.Supp. 829, 832 (D.C. Iowa 1950)). Despite this broad discretion, striking a party's pleadings is an extreme measure, and the Eighth Circuit has previously held that "[m]otions to strike under FED. R. CIV. P. 12(f) are viewed with disfavor and are infrequently granted." *Id.* (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)). The Court does not find anything redundant, impertinent, or scandalous about the Counterclaims, and the motion to strike should be denied.

#### B. Lack of Subject Matter Jurisdiction

Stafford argues that Bath Planet's Counterclaims should be dismissed for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). In deciding a motion under Rule 12(b)(1), the court "must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle by*

*and through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018).  Stafford is challenging Bath Planet's Counterclaim on its face.  When a party makes a facial challenge, the court reviews the pleadings and affords the non-moving party the same protections it would receive on a Rule 12(b)(6) motion to dismiss.  *See Osborn v. United States*, 918 F.2d 724 n. 6 (8th Cir. 1990).  The Court also must draw all reasonable inferences in the non-moving party's favor.  *United States v. Stoltz*, 327 F.3d 671, 674 (8th Cir. 2003).

Federal courts are courts of limited jurisdiction.  Federal district courts have original jurisdiction only in diversity actions and actions arising under federal law.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction does not lie in this case because all parties are residents of the State of Arkansas.  Therefore, the Court's original jurisdiction over this case is limited to claims involving a federal question. Even though Bath Planet's Counterclaim is based on common law and state statute and presents no question of federal law, Bath Planet asserts the Counterclaim should not be dismissed because it is compulsory under the Federal Rules of Civil Procedure.

### 1. Compulsory Counterclaim

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  A counterclaim is considered compulsory where it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  FED. R. CIV. P. 13(a).  A compulsory counterclaim need not have its own basis of jurisdiction.  *St. Jude Medical, Inc. v. Lifecare Intern., Inc.*, 250 F.3d 587, 594 (8th Cir. 2001); *Tullos v. Parks*, 915 F.2d 1192, 1194 (8th Cir. 1990).  Bath Planet argues that the Counterclaim is compulsory to Stafford's FLSA retaliation

claim because all claims arise out of the bathroom installation work performed by Stafford for Bath Planet customers. (ECF No. 21 at 10).

The Eighth Circuit has identified four tests federal courts have applied in determining whether a counterclaim arises out of the same transaction or occurrence: (1) whether the issues of fact and law raised by the claim and counterclaim are largely the same; (2) whether res judicata would bar a subsequent suit on the defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute the plaintiff's claim as well as the defendant's counterclaim; and (4) whether there is any logical relation between the claim and counterclaim. *Cochrane v. Iowa Beef Processors, Inc.*, 596 F.2d 254, 264 (8th Cir. 1979); *Tullos v. Parks*, 915 F.2d 1192, 1195 (8th Cir. 1990) (applying the logical relation test).

### a. Same Issues of Fact and Law

There is no supplemental jurisdiction over the defendant's counterclaim when the counterclaim and the plaintiff's original FLSA claims do not derive from a common nucleus of operative facts. *See Isom v. Muhammad*, 293 F.Supp.3d 844 (E.D. Ark. 2018); *Wolfe v. Arafa*, No. 5:17-CV-245-DPM, 2018 WL 10398376 (E.D. Ark., Mar. 20, 2018); Order at 2–3, *Estes v. Buell*, No. 4:18-CV-00026-KGB (E.D. Ark. Sept. 17, 2018), ECF No. 15; Order, *Woodson v. Diamond Pools, LLC*, No. 4:19-CV-00031 BSM (E.D. Ark. Apr. 24, 2019), ECF No. 19; Order at 2, *Willis v. DJ's Tire Services, LLC*, No. 4:19-CV-641-JM (E.D. Ark. Nov. 11, 2019), ECF No. 6; Order, *Lowery v. ABM Indus. Inc.*, No. 1:19-CV-1038 (W.D. Ark. Mar. 16, 2020), ECF No. 22.

The anti-retaliation provision of the FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted any [FLSA] proceeding . . . ." 29 U.S.C. § 215(a)(3). To establish a prima facie case of retaliation, a plaintiff must show: (1) that he participated in a statutorily protected activity; (2) that

the defendants took an adverse employment action against him[3]; and (3) that there was a causal connection between the plaintiff's statutorily protected activity and the adverse employment action. *Grey v. City of Oak Grove*, 936 F.3d 1031, 1034–35 (8th Cir. 2005). The facts relevant to Stafford's retaliation claim would show that Bath Planet took an adverse employment action against him in reaction to his filing this lawsuit in federal court.

Bath Planet contends that the issues of fact and law raised by the retaliation claim are largely the same as the Counterclaim because they both involve the quality of bathroom installation work Stafford performed and the insurance claims Bath Planet filed after Stafford was terminated. (ECF No. 21 at 11–12). Facts proving Bath Planet's Counterclaims center around Stafford's performance of the installation work. To prove negligence, Bath Planet would have to show that Stafford owed a duty and breached it, proximately causing injury to Bath Planet. *Branscumb v. Freeman*, 200 S.W.3d 411, 416 (Ark. 2004). To show breach of implied contract, Bath Planet would have to prove the existence of a valid and enforceable contract between Stafford and Bath Planet, that Stafford violated an obligation under the contract, and the damages that resulted. *Perry v. Baptist Health*, 189 S.W.3d 54, 58 (Ark. 2004). For the ADTPA claim, Bath Planet would have to show both a deceptive consumer-orientated act or practice which is misleading in a material respect and injury resulting from such act. *Crutchfield v. Tyson Foods, Inc.*, 514 S.W.3d 499, 503 (Ark. Ct. App. 2017). Lastly, for Bath Planet's fraud claim, Bath Planet would have to show Stafford made a false representation, Stafford knew that the representation was false, Stafford intended to induce Bath Planet to rely on the representation, Bath Planet did justifiably rely on the

---

[3] An "adverse employment action" is a tangible change in working conditions that produces a material employment disadvantage, including but not limited to, termination, cuts in pay or benefits, and changes that affect an employee's future career prospects, as well as circumstances amounting to a constructive discharge. *Jackman v. Fifth Judicial Dist. Dep't of Corr. Serv.*, 728 F.3d 800, 804 (8th Cir. 2013) (providing this definition in the context of a Title VII retaliation claim, which uses the same three-part test); *see also Heisler v. Nationwide Mut. Ins. Co.*, 931 F.3d 786, 794 (8th Cir. 2019) (stating the same test is used for retaliation claims under Title VII and the FLSA).

representation, and there were resulting damages to Bath Planet. *Allen v. Allison*, 155 S.W.3d 682, 693 (Ark. 2004). For each Counterclaim, Bath Planet must prove damages resulting from Stafford's allegedly deficient work.

Assuming without deciding that Stafford has pleaded a prima facie case of retaliation[4], an analysis of the issues raised in the Counterclaims for negligence, breach of implied contracts, violation of the ADTPA, and fraud shows they have little in common with the issues raised in a claim of FLSA retaliation. While, within the context of its own defense, it may be important for Bath Planet to articulate facts and circumstances showing reasons for filing the insurance claims unrelated to the filing of this case, Bath Planet is not required to prove the merits of its counterclaims in order to show it lacked retaliatory intent under the FLSA. As the issues of fact and law raised by Stafford's retaliation claim and Bath Planet's Counterclaims are not "largely the same," the Counterclaims are not compulsory under this test.

**b. Res Judicata**

Bath Planet argues that if its Counterclaims are dismissed the doctrine of res judicata would bar a subsequent suit because such a ruling would be binding on the same operative facts—installation jobs unreasonably performed by Stafford led to the insurance filings that are the subject of Stafford's retaliation claim. (ECF NO. 21 at 11.).

The preclusion principle of res judicata prevents "the relitigation of a claim on grounds that were raised or could have been raised in the prior suit." *Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004) (quoting *Lane v. Peterson*, 899 F.2d 737, 741 (8th Cir. 1990)). Res judicata bars re-litigation of a claim if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on

---

[4] The Court questions whether filing a post-termination insurance claim is an adverse employment action.

the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases. *Lane*, 899 F.2d at 742 (citing *Murphy v. Jones*, 877 F.2d 682, 684 (8th Cir. 1989)). In determining whether two causes of action are the same for res judicata purposes, the Eighth Circuit has adopted the approach that "[a] claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." *Id.* (citations omitted).

Here, Bath Planet's counterclaims did not arise out of the same nucleus of operative facts as Stafford's retaliation claim. Facts relevant to the retaliation claim include allegations that Bath Planet committed wage and hour violations, that Stafford filed his FLSA lawsuit as result of those violations, and that Bath Planet filed the insurance claims in retaliation for Stafford filing the federal lawsuit. In contrast, Bath Planet's Counterclaims arise out of the details of Stafford's performance of various bathroom installations. Dismissing the Counterclaims will not in any way preclude Bath Planet from defending against the FLSA retaliation claim. Further, a decision on Stafford's retaliation claim by this Court will have no impact on a subsequent determination of the merits of Bath Planet's Counterclaims. As the doctrine of res judicata would not bar a subsequent suit on Bath Planet's Counterclaims, the Counterclaims are not compulsory under this test.

### c. Substantially the Same Evidence

Stafford argues the Counterclaims are not compulsory because the evidence he will use to prove his FLSA claims, including retaliation, will not be substantially similar to the evidence used by Bath Planet to show negligence, breach of implied contracts, ADTPA violations, and fraud. (ECF No. 24 at 4). For the reasons previously discussed hereinabove, the Court agrees.

### d. No Logical Relation

A counterclaim is compulsory if it has a logical relationship to the original claim. A logical relationship means "the same aggregate of operative facts serves as the basis of both claims . . ."

*Fox Chem. Co. v. Amsoil, Inc.*, 445 F.Supp 1355, 1361 (D. Minn. 1978) (quoting *Revere Copper & Brass, Inc. v. Aetna Cas. & Sur. Co.*, 426 F.2d 709, 715 (5th Cir. 1970)).

As already discussed herein above, the bases of Bath Planet's Counterclaims are the facts and law surrounding the quality of Stafford's installation work for Bath Planet customers, while the FLSA retaliation claim requires proof showing Stafford suffered an adverse employment action in retaliation for engaging in protected activity. Thus, the same aggregate of operative facts does not serve as the basis for the retaliation claim and the Counterclaims, and the Counterclaims are not compulsory under this test.

After applying the four tests, the Court finds that Bath Planet's Counterclaims are not compulsory counterclaims.

### 2. Permissive Counterclaims

A permissive counterclaim—which is any counterclaim that is not compulsory—requires a basis of jurisdiction independent from the main claim. *Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7 of Jefferson Cty., Mo.*, 747 F.2d 1195, 1197 (8th Cir. 1984); *see* FED. R. CIV. P. 13(b) (describing permissive counterclaims "as any [counterclaim] that is not compulsory"). A permissive counterclaim must present either a federal question or complete diversity of the parties. Here we have neither and the permissive Counterclaims shuold be dismissed for lack of subject matter jurisdiction.

### C. Failure to State a Claim

In light of the foregoing, it is unnecessary for the Court to address the parties' arguments for dismissal of the Counterclaims under Rule 12(b)(6), and the Motion to Dismiss for Failure to State a Claim should be denied as moot.

### D. Allowing Counterclaim as Affirmative Defense

Bath Planet argues that its Counterclaim for negligence, breach of implied contracts, violations of the ADTPA, and fraud should be allowed to proceed as an affirmative defense to Stafford's retaliation claim. (ECF No. 21 at 18.) Bath Planet bases this argument on FED. R. CIV. P. 8(c)(2): "If a party mistakenly designates . . . a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."

An affirmative defense is "a defendant's assertion of facts and arguments that, if true, will *defeat* the plaintiff's . . . claim, even if all the allegations in the complaint are true." *Safeway Transit LLC v. Discount Party Bus, Inc.*, 954 F.3d 1171, 1182 (8th Cir. 2020) (quoting *Defense*, BLACK'S LAW DICTIONARY (11th ed. 2019)). As proving damages caused by Stafford's allegedly deficient work performance would not defeat Stafford's claim of FLSA retaliation, justice does not require allowing the Counterclaim to proceed as an affirmative defense.

### IV.   ORDER

For the reasons set forth hereinabove, the Court finds that Plaintiff's Motion to Dismiss Counterclaim (ECF No. 18) should be and hereby is **GRANTED**, and Defendants' Counterclaim is **DISMISSED WITHOUT PREJUDICE**. This case remains set for a jury trial beginning February 16, 2021 in Hot Springs.

**IT IS SO ORDERED**, this 23rd day of November 2020.

/s/ *Robert T. Dawson*
ROBERT T. DAWSON
SENIOR U.S. DISTRICT JUDGE